UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BALDINO-MILLER, on behalf of herself and all similarly aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>COURTYARD MANAGEMENT CORPORATION, et al.,<br><br>Defendants. | Case No. 1:23-cv-01613-KES-BAM<br><br>**SECOND AMENDED PRELIMINARY SCHEDULING ORDER**<br><br>Class Certification<br>Written Discovery Cutoff:     March 2, 2026<br><br>Class Certification<br>Motion Filing Deadline:       April 27, 2026<br><br>Class Certification<br>Opposition Deadline:            June 22, 2026<br><br>Class Certification<br>Reply Deadline:                    August 17, 2026<br><br>Class Certification<br>Motion Hearing                   To be scheduled<br>                                              Courtroom 8 (BAM) |

On June 20, 2025, the Court held a status conference with the parties. Counsel Patricia Stambelos appeared by video on behalf of Plaintiff Amanda Baldino-Miller. Counsel Kristi Thomas appeared by video on behalf of Defendants Courtyard Management Corporation (now known as Courtyard Management, LLC) and Marriott International, Inc.

1

**A.   Amended Class Certification Dates**

After discussion with counsel, the Court **SETS** the following amended dates for class certification:

| | | |
|---|---|---|
| 1. | Class Certification Written Discovery Cutoff: | March 2, 2026 |
| 2. | Class Certification Motion Filing Deadline: | April 27, 2026 |
| 3. | Class Certification Opposition Deadline: | June 22, 2026 |
| 4. | Class Certification Reply Deadline: | August 17, 2026 |
| 5. | Class Certification Motion Hearing | To be scheduled<br>Time:  9:00 AM<br>Dept:  8 (BAM) |

As discussed at the conference, while the motion for class certification is pending, the parties may conduct depositions of any expert witnesses or declarants disclosed in the parties' briefings on class certification.  Defendants may take depositions after the motion is filed, and Plaintiff may take depositions after the opposition is filed.  If new issues are raised in Plaintiff's reply, Defendants may request an opportunity to respond.  The parties are reminded of the deposition limitations set forth in the Federal Rules of Civil Procedure.  Compliance with the discovery deadlines requires motions to compel be filed and heard sufficiently in advance of the respective discovery cutoff dates so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**B.   Preliminary Discovery – Individual Claims**

As agreed by the parties, discovery related to Plaintiff's individual claims shall proceed simultaneously with discovery on class certification issues. However, all discovery on Plaintiff's individual claims shall be held in abeyance from March 2, 2026, through August 17, 2026, during class certification briefing.

**C.   Law and Motion**

Non-dispositive motions are heard on Fridays at 9:00 a.m. in Courtroom 8 before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.  Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel.  The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov.  If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in matters before Judge McAuliffe shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue motions before Judge McAuliffe by telephone by dialing the Court's teleconference line at (877) 411-9748 and entering access code 3219139, or by zoom video conference, provided they indicate their intent to appear telephonically or by video conference on their pleadings or by email to evaldez@caed.uscourts.gov at least one week prior to the hearing. If the parties request video conference, the parties shall be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference.  The Zoom ID number and password are confidential and are not to be shared.  Appropriate court attire required.

**Motions for Summary Judgment or Summary Adjudication**

1    Prior to filing a motion for summary judgment or motion for summary adjudication the parties
2    are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the
3    motion.
4    The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a
5    question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole
6    or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the
7    issues for review by the Court; 5) explore the possibility of settlement before the parties incur the
8    expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed
9    facts.
10   The moving party shall initiate the meeting and provide a draft of the joint statement of
11   undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint
12   statement of undisputed facts.
13   In the notice of motion, the moving party shall certify that the parties have met and conferred
14   as ordered above and set forth a statement of good cause for the failure to meet and confer.

**Young Attorneys and Motions before Judge McAuliffe**

Hearings on Motions before Judge McAuliffe are often vacated and submitted upon the record and briefs. See L.R. 230(g).  However, the Court recognizes the value and importance of training young attorneys, and the Court encourages the parties to consider assigning the oral argument to an attorney with seven (7) years or less experience out of law school.  If any party provides notification that a young attorney from at least one party will argue the motion, the Court will hold the hearing as scheduled.  The parties shall so notify the Court by separately including a section after the conclusion of the motion, opposition, or reply briefing requesting the hearing remain on calendar.  If no party provides such notice, the hearing may be vacated without further notice.

**D.    Effect of This Order**

This order represents the best estimate of the Court and counsel as to the agenda most suitable for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.  **The dates set in this Order are considered**

4

**to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.** The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **June 20, 2025**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE