UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA BALDINO-MILLER, on behalf of herself and all similarly aggrieved employees,

Plaintiffs,

v.

COURTYARD MANAGEMENT CORPORATION; MARRIOTT INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 1:23-cv-01613-KES-FJS

ORDER GRANTING IN PART MOTION TO CONTINUE DISCOVERY AND CASE DEADLINES; OR, IN THE ALTERNATIVE, FOR A CASE MANAGEMENT CONFERENCE AND TEMPORARY STAY OF CURRENT DEADLINES

(ECF No. 62)

This matter is before the court on Plaintiff Amanda Baldino-Miller's ("Plaintiff") motion to continue discovery and case deadlines, or, in the alternative, for a case management conference, filed February 13, 2026. (ECF No. 62.) Plaintiff seeks a continuance of the class certification discovery and briefing deadlines to allow her to compel Defendants Courtyard Management Corporation and Marriott International, Inc. (jointly, "Defendants") to respond to Plaintiff's request for production and special interrogatories. (ECF No. 62 at 2.) The court held a hearing on May 8, 2026, by Zoom video conference. (ECF No. 75.) For the reasons set forth below, the motion is granted in part and denied in part.

I.      BACKGROUND

      A. Early Procedural Background

This action was removed from Fresno County Superior Court on November 15, 2023. (ECF No. 1.)

Plaintiff's operative complaint brings several employment-related claims against Defendants, including several counts alleged as a class. (ECF No. 59.)

The court convened an initial scheduling conference on September 9, 2024, and entered a preliminary scheduling order setting the class certification written discovery cutoff for April 18, 2025. (ECF No. 28.) Among other admonitions, the scheduling order warned the parties that:

> [c]ompliance with the discovery deadlines requires motions to compel be filed and heard sufficiently in advance of the respective discovery cutoff dates so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF No. 28 at 2.) [1]

      B. The Discovery Dispute

The history of this discovery dispute is extensive and reflects a high level of judicial involvement.

In December 2024, the court convened an informal discovery dispute conference at the parties' request. (ECF No. 35.) This dispute conference addressed Defendants' request for a protective order concerning Plaintiff's document requests and interrogatories. (ECF No. 36.) The court expressed its view that the parties had not sufficiently met and conferred to narrow the disputed discovery requests. (ECF No. 36.) The court further indicated that the discovery requests appeared overbroad and burdensome because they included more than seventy-five Marriott facilities in California and sought information regarding both non-exempt and exempt employees.

---

[1] On January 8, 2025, the court entered an amended preliminary scheduling order reflecting the correct deadline for filing an opposition to the motion for class certification. (ECF No. 40.) All other deadlines remained the same as the preliminary scheduling order. This amended order also recited the admonition that discovery motions be filed sufficiently in advance of discovery deadlines to allow the court to provide effective relief. (ECF No. 40 at 2.)

2

The parties were directed to meet and confer to narrow Plaintiff's interrogatories and discovery requests, including consideration of a sampling from a limited number of relevant facilities. (ECF No. 36.)

In January 2025, the court held a second status conference to further discuss the discovery dispute. (ECF No. 39.) Plaintiff proposed a sampling from two Courtyard locations, plus the location where the named Plaintiff was employed, one Residence Inn location, and one Springhill Suites location. (ECF No. 39.) While not ruling on the discovery dispute, the court indicated that the proposal seemed reasonable and that a statistical sampling of less than all employees for locations with one hundred or more employees seemed reasonable. (ECF No. 39.)

In February 2025, the court held a mid-discovery status conference. (ECF No. 46.) The parties informed the court that based on Plaintiff's identification of the facilities for sampling and replacement interrogatories, Defendants anticipated providing supplemental discovery responses and documents in early March 2025. (ECF No. 46.) Plaintiff indicated that she provided supplemental responses to discovery, had propounded document discovery, and intended to provide another round of discovery by February 14, 2025. (ECF No. 46.)

In March 2025, the court held a third status conference to discuss Plaintiff's request to continue class certification briefing deadlines. (ECF No. 49.)  The court directed the parties to meet and confer to propose new class certification briefing deadlines. To allow the parties sufficient time to produce and review class discovery, the court vacated the then-existing class certification briefing deadlines. (ECF No. 49; ECF No. 40.)

In May 2025, the court held a fourth status conference to again address resetting class certification discovery and briefing deadlines. (ECF No. 52.) Topics discussed at that May 2025 conference included the sufficiency of Defendants' document production, whether a *Belaire-West* notice process was necessary, and whether sampling was necessary. (ECF No. 52.) The court did not provide a formal ruling but informed the parties that it would not permit endless discovery and intended to set a reasonable discovery schedule. (ECF No. 52.) Additional time was allowed for the parties to meet and confer on the outstanding discovery issues and on proposing a discovery schedule. (ECF No. 52.)

In June 2025, the parties filed a joint status report with proposed dates for a revised class certification briefing schedule. (ECF No. 54.) In the joint status report, Plaintiff noted that the court had "allowed Plaintiff to obtain policies and practices and other information about only five of Marriott's California properties," and informed the court that "Defendant Marriott refused to provide any information regarding the names/locations of all its California properties, the total number of putative class members in each of the subclasses, the total number of workweeks at issue, the total number of pay periods – or any other information regarding the total putative class – interpreting the Court's 5-property restriction to mean that they do not need to provide any further information." (ECF No. 54 at 2.) Plaintiff further stated that "Plaintiff cannot be prepared to move for class certification without more information about the entire putative class – including, at a minimum, the actual names and locations of all of Defendants' California properties, the number of exempt and non-exempt workers at each such property during the relevant period (including the numbers for each of the subclasses alleged in the complaint, for example, the number of former employees)." (ECF No. 54 at 3.)

The court reviewed the joint status report and held a fifth status conference with the parties later that month, to discuss the contents of the report. (ECF No. 55.) On June 23, 2025, the court entered a second amended preliminary scheduling order, setting the class certification written discovery cutoff for March 2, 2026, class certification motion filing deadline for April 27, 2026, an opposition deadline of June 22, 2026, and a reply deadline of August 17, 2026. (ECF No. 56.) The court also ordered that briefing on the motion for class certification be staggered so that the parties could conduct depositions between the time of Plaintiff's filing and Defendant's opposition and between the time of Defendant's opposition and Plaintiff's reply. (ECF No. 56 at 2.) Again, the court admonished the parties not to wait until the last minute to file discovery motions, but to instead file those motions sufficiently in advance of the relevant deadline to allow the court to provide effective relief. (ECF No. 56 at 2.)

Both parties agree that the court advised Plaintiff at the June 2025 conference that Defendants' refusal to engage in further discovery responses may necessitate her filing a motion to compel. (ECF No. 62-1 ¶ 13; ECF No. 66-1 ¶ 2.) Following this June 2025 status conference,

Defendants repeatedly and consistently refused to produce additional documents in response to Plaintiff's November 2024 requests for production and special interrogatories. (ECF No. 66-1 ¶ 3-6 (Exs. A – D).)

On November 17, 2025, the parties stipulated that Plaintiff would file a first amended complaint. (ECF No. 57.) That amended complaint, among other things, removed non-exempt employees from the putative class and Private Attorneys' General Act ("PAGA") claims entirely and was filed November 20, 2025. (ECF No. 59.) Plaintiff argues that the first amended complaint "significantly narrowed the definition of the class from thousands of non-exempt employees in the putative class to what Plaintiff believes are somewhere between 300 and 800 employees in the putative class . . . based on Defendants discovery responses in which they identified approximately 134 locations at which putative class members worked during the relevant period and their responses regarding the number of exempt workers at each of the five 'sampled' locations during the relevant period." (ECF No. 62-2 at 4.) At the hearing on this motion, however, Plaintiff agreed that there was no understanding between the parties that amending the complaint would narrow or resolve the longstanding discovery dispute.

On February 13, 2026, Plaintiff filed an ex parte motion to shorten time for her motion to continue discovery and case deadlines or for a case management conference and a stay of current deadlines. Plaintiff's counsel attested that Plaintiff's motion to compel would be filed in the week following this February 13, 2026, motion. (ECF No. 62 at 8; ECF No. 62-1 ¶ 31.) Plaintiff states that due to then-approaching discovery deadlines and to allow briefing on her anticipated motion to compel on a normal schedule, an order shortening time for briefing and hearing Plaintiff's motion is necessary. (ECF No. 62 at 3.) On February 19, 2026, the court denied Plaintiff's ex parte motion to shorten time. (ECF No. 67.)

On April 14, 2026, the court temporarily stayed the class certification briefing deadlines but did not stay any discovery deadlines. (ECF No. 73.)

C.  This Motion

Plaintiff's instant motion was filed concurrently with Plaintiff's ex parte motion to shorten time on February 13, 2026. (ECF No. 62-2.) Plaintiff argues that (1) Defendants refused to

5

produce the putative class numbers, pay data, and putative class member contact information necessary for Plaintiff's class certification motion despite multiple meet-and-confer efforts and pending discovery requests; (2) Plaintiff intends to file a motion to compel production of this data "within a week" of February 13, 2026;[2] and (3) any delay has been on account of the filing of the first amended complaint and Plaintiff's counsel undergoing serious medical treatment for cancer[3] that has impaired counsel's ability to pursue these discovery disputes. (ECF No. 62-2 at 3.) Fundamentally, Plaintiff argues that the lack of information about the number of putative class members prejudices her future class certification motion[4] and insists that there is no prejudice to Defendants. (ECF No. 62-2 at 3.)

Plaintiff requests that the court continue all currently-set case deadlines "for a period sufficient to allow Plaintiff to: (1) file a properly-noticed motion to compel production of documents; (2) obtain Defendants' compliance with any resulting order; (3) for Plaintiff and her experts to process and understand the information produced; (4) for Plaintiff to take Defendants' depositions; and (5) for Plaintiff to prepare and file a class certification motion." (ECF No. 62-2 at 5-6.) Plaintiff suggests that the class certification written discovery cutoff be extended to a date in August 2026, the class certification motion filing deadline to be extended to a date in September 2026, with any opposition to be filed in November 2026 and any reply to be filed in January 2027.[5] (ECF No. 62-2 at 5.) Plaintiff further requests that discovery on Plaintiff's individual claims be held in abeyance from August 2026 through January 2027 during class

---

[2] Plaintiff filed her motion to compel on May 8, 2026. (*See* ECF No. 74.)

[3] In her declaration, Plaintiff's counsel indicates that "[s]ince October 2025, and prior, [she has] been experiencing health issues related to cancer treatment" that delayed Plaintiff's motion to compel. (ECF No. 62-1 ¶ 29.) When asked at the hearing on this motion what efforts she made between June 2025 and October 2025, Plaintiff's counsel indicated that the declaration understated the effect of the cancer treatment and that her ability to litigate was frustrated before October.

[4] The court notes that the existing scheduling order permits deposition practice between the parties' respective certification briefs. (ECF No. 56 at 2.) This additional opportunity for limited discovery mitigates the risk of prejudice Plaintiff invokes.

[5] Plaintiff does not proposes set dates, but proposes only a month and year. (ECF No. 62-2 at 5.)

certification briefing period.[6] (ECF No. 64.)

On March 5, 2026, Defendants filed their opposition arguing that Plaintiff's motion should be denied because (1) Plaintiff's motion is untimely, (2) Plaintiff's delay in prosecuting this action constitutes a lack of diligence and a self-inflicted problem, and (3) Plaintiff's counsel's health "is not a new or sudden condition that can legitimately be used as an excuse to warrant the relief she now seeks." (ECF No. 66 at 4.) Defendants note that Plaintiff's motion set a hearing date *after* the scheduled close of written discovery for class certification. (ECF No. 66 at 7.) Defendants further argue that they have been "very clear, repeatedly telling Plaintiff that they were not agreeable to her proposed discovery requests or lack of a *Belaire-West* notice process, and thus she would need to move forward with motion practice." (ECF No. 66 at 6.) Defendants reject the notion that they do not suffer prejudice, pointing to increased fees, increased business uncertainty, fading memories, and diminishing witness availability. (ECF No. 69-1 at 4.)

On March 16, 2026, Plaintiff filed her reply. (ECF No. 70.) Plaintiff argues that Defendants will not suffer prejudice because (1) "Defendants have done almost no legal work in this case other than to deny Plaintiff even the most basic discovery," (2) "[h]aving to respond to discovery and sit for deposition over the next six months . . . changes nothing about the costs of doing the same," and (3) "the discovery in question is not extensive or complicated." (ECF No. 70 at 3.) Plaintiff contends that "Defendants have and can show no prejudice to their ability to defend the case, no loss of evidence, and no windfall benefit to Plaintiff and the putative class that will unfairly prejudice them should the Court grant the continuance sought." (ECF No. 70 at 6.) Plaintiff further stresses that the reason for and length of Plaintiff's counsel's delay constitutes excusable neglect given the severity of her medical illness. She also notes that she filed her motion in advance of the class certification discovery deadline cutoff, did not wait until the deadline had passed to ask for relief, and has been acting in good faith in requesting a continuance of the class certification discovery and briefing deadlines. (ECF No. 70 at 7-10.)

---

[6] The court's prior scheduling orders directed that all discovery on Plaintiff's individual claims be held in abeyance during class certification briefing. (ECF No. 56 at 2.)

7

On May 6, 2026, Plaintiff filed her motion to compel further responses to discovery. (ECF No. 74.)[7] This motion was filed over two months after the estimated time Plaintiff's counsel attested she intended to file this motion. (*See* ECF No. 62-1 ¶ 32.)  And over two months after the close of written discovery. (*See* ECF No. 56; ECF No. 73 (staying the deadlines for briefing class certification only).)

## II.    LEGAL STANDARDS

Two rules inform the court's decision on Plaintiff's instant motion: Rule 16 and Rule 23.

The court's second amended scheduling order (ECF No. 56) was issued pursuant to Rule 16. (ECF No. 52.) Deadlines for completing discovery and filing motions are mandatory elements of a scheduling order under Rule 16(b)(3)(A). The scheduling order "control[s] the subsequent course of the action" unless modified by the court. Fed. R. Civ. P. 16(e).

Plaintiff's first amended complaint invokes Rule 23. Under Rule 23(c)(1)(A), the court must determine by order whether to certify a class action lawsuit "[a]t an early practicable time" after suit is filed.

## III.    DISCUSSION

### A.  Rule 16

The scheduling order in this case was entered September 10, 2024, (ECF No. 28) and substantively amended on June 23, 2025, to extend the class certification written discovery cutoff and briefing deadlines. (ECF No. 56.) No final pretrial conference or trial date has been set. Thus, Plaintiff can seek to modify the order if she has "good cause" for doing so. Fed. R. Civ. P. 16(b).

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. Co. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation modified). "The district court may modify the pretrial schedule 'if [that schedule] cannot reasonably be met despite the diligence of the party seeking the extension.' *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983

---

[7] As noted during the April 8, 2026, hearing on this motion, the court construes Plaintiff's motion to compel (ECF No. 74) as a motion to re-open discovery and then to compel further responses. That motion is being briefed in regular order.

amendment)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

"A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers." *Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018). "Although neither the Federal Rules nor the Local Rules sets a deadline to file motions to compel," "[p]arties may not unduly delay in filing motions to compel no matter their merit." *KST Data, Inc.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018). Even in the absence of bad faith or negligence, a failure to timely move to compel can carry consequences limiting everyone's options, including the court's. *Id.* "[W]hen parties delay discovery for any reason, they do so at their peril." *Wyles v. Sussman*, 445 F. Supp. 3d 751, 756 (C.D. Cal. 2020).

Plaintiff argues that good cause exists because Plaintiff has been diligent in meeting and conferring on her discovery requests despite her health challenges. (ECF No. 62-2 at 4.) Plaintiff points to (1) "writ[ing] multiple meet and confer letters and email correspondence to Defendants' counsel, most of which has been met with outright refusal," (2) "fil[ing] an amended complaint in order to streamline her claims and putative class numbers and participants," and (3) "offer[ing] to serve new discovery requests focused solely on the specific information needed for her class certification arguments given that prior discovery was based on the more expansive original complaint and the Court's initial informal mandate that the discovery initially be limited to only a few properties." (ECF No. 62-2 at 4.) In addition, Plaintiff's counsel states that she received a cancer diagnosis and "the resulting ongoing medical treatment since May 2025 has caused her to experience some serious side effects – significantly more between October and the present – directly impacting her ability to timely pursue these discovery disputes." (ECF No. 62-2 at 4;

ECF No. 62-1 at 6.) [8]

The court sympathizes with Plaintiff counsel's health issues. And the court accepts Plaintiff's representation that counsel "is acting in good faith and not attempting to game the case." (ECF No. 70 at 4.) The court, however, cannot agree with Plaintiff's assertion that counsel "simply failed to act while she was figuring out how to manage a solo practice with cancer." (ECF No. 70 at 4.) The duration of this discovery dispute and the opportunities for timely resolution that Plaintiff forwent weigh against finding good cause or excusable neglect here.

The court agrees that discovery reached an impasse. But Plaintiff has been aware of Defendants' position since at least December 25, 2024, as evinced in the parties' informal discovery dispute letter briefs. Those letter briefs detail Defendants' objections to the scope of the discovery requests. (ECF Nos. 32, 33.) Defendants have maintained these objections to the current day. (ECF No. 69 at 7). Plaintiff contends that Defendants' "continued refusal to produce the requested documents, to enter into stipulations to extend deadlines, or to allow streamlined discovery cannot now be twisted to insinuate that Plaintiff has not been diligent." (ECF No. 62-2 at 4.) The court partly agrees, but not enough to find good cause for the requested extension. The court appreciates Plaintiff's efforts to meet and confer on the longstanding discovery disputes. But the meet-and-confer process must be tailored to the discovery schedule, not the other way around. The appropriate remedy when faced with an unjustifiable or inadequate disclosure, answer, or response is to move for an order compelling disclosure or discovery after efforts to meet and confer fail. Fed. R. Civ. P. 37(a). Plaintiff did not so move until more than two months *after* the close of written discovery despite repeated opportunities to do so and several warnings of the consequences of not doing so.

---

[8] Plaintiff also cites *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-CV-02812-ODW (PLAX), 2017 WL 11629880 (C.D. Cal. Aug. 3, 2017) as support that "Courts in this Circuit routinely recognize medical conditions as constituting good cause for schedule modifications." (ECF No. 62-2.) *Deckers* granted defendants' ex parte application for leave to designate an expert witness beyond the deadline permitted in the court's scheduling order because of the original expert's unforeseen medical condition. 2017 WL 11629880, at *1. *Deckers* does not implicate the defendants or defendants' counsel's diligence but rather turns on the sudden unavailability of a third-party witness.

The court's prior active management of the case compounds Plaintiff's inability to show good cause. The court held an informal discovery dispute conference on December 30, 2024, to address Defendants' objections to the scope of Plaintiff's written discovery requests (ECF No. 36), a status conference on January 8, 2025, to address the parties' meet and confer efforts on the same discovery dispute and efforts to identify relevant facilities for statistical sampling (ECF No. 39), a mid-discovery status conference on February 4, 2025, to discuss sampling and supplemental discovery responses and Plaintiff's request for modification of the class certification scheduling order (ECF No. 46), a status conference on March 19, 2025, to address Defendants' having not yet produced information from five relevant locations and *Belaire-West* notice preparations (ECF No. 49), a status conference on May 12, 2025, to address the sufficiency of Defendants' document production, the *Belaire-West* notice process, and whether sampling was necessary (ECF No. 52), and a final status conference on June 20, 2025, to discuss amending the scheduling conference order to extend the class certification discovery and briefing deadlines. (ECF No. 55.) At the end of this process, Plaintiff's counsel acknowledges that the court suggested she to file a motion to compel. (ECF No. 62-1 ¶ 13.) Plaintiff's failure to follow that suggestion and wait until shortly before the expiration of the already-extended discovery window frustrates Plaintiff's proffer of good cause.

Plaintiff's failure to abide her own revised timeline does not help her cause. Plaintiff's counsel voluntarily attested that the motion to compel would be filed in the week following February 13. (ECF No. 62 at 8; ECF No. 62-1 ¶ 32.) That prediction proved inaccurate. It was over two months later—after the court continued the certification briefing deadlines and not the discovery deadline, after the court asked the parties to be prepared to explain how a further continuance would comport with Rule 23(c)(2)(a), and two days before the hearing on this motion for continuance—that Plaintiff filed a motion to compel. The lack of progress in the more distant past coupled with the failure to abide by the recent voluntary and self-imposed timeline persuades the court that extending the schedule yet again will result in yet another round of delay.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (citation modified). "Disregard

11

of the order would undermine the court's ability to control its docket," "disrupt the agreed-upon course of the litigation," and undermine the purpose of Rule 16. *Id.* Accordingly, the court finds that Plaintiff failed to establish good cause for modifying the scheduling order.

B.  Rule 23(c)

In addition to evaluating the standards for good cause under Rule 16, the court also considers the principles attending Rule 23(c)'s timing directive for class certification.

Rule 23(c)(1)(A) requires courts to determine by order whether to certify the action as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). "A district court does not abuse its discretion by actively managing the pre-certification process—whether that means limiting the time to conduct discovery related to the question of class certification, or denying pre-certification discovery entirely." *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020) (citation modified). "District courts may also exercise their discretion by enforcing filing deadlines; they have the power to establish reasonable times for the filing of documents and to evaluate the legitimacy of an excuse for failing to file on time." *Id.* (citation modified).

"[A] district court may abuse its discretion if it unreasonably applies rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification[], or denies a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification[]." *Id.* at 963 (citations omitted). Flexibility is required because "[t]he class action determination can only be decided after the district court undertakes a 'rigorous analysis' of the prerequisites for certification." *ABS Ent.*, 908 F.3d at 427 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011)).

The Ninth Circuit's decision in *ABS Entertainment* illustrates when a district court's case management unreasonably frustrates the opportunity to develop a motion for class certification. There, a district court struck ABS's class allegations as untimely under a local rule of court that set a strict 90-day deadline from the filing of a complaint to the motion for class action certification. The Ninth Circuit held that this bright line rule was "in direct contrast to the flexibility of the Federal Rule" and remanded for consideration of the class action motion on the

12

merits. *ABS Ent., Inc.*, 908 F.3d at 427. The Ninth Circuit further elaborated on the flexibility afforded to district courts in *Davidson,* 968 F.3d 955. There, the Ninth Circuit noted the district courts' "broad discretion to control the class certification process," including the "discretion to set deadlines for when parties must move for class certification." *Id.* at 962 (citation modified). Limiting the time to conduct discovery relating to the question of class certification—or even denying pre-certification discovery entirely—does not necessarily constitute an abuse of discretion if those restrictions are part of an actively managed pre-certification process. *Id.* at 963.

Here, the parties were afforded sufficient attention and time to prepare for motion practice on class certification. The court worked extensively with the parties, convening no less than seven conferences with the parties to discuss their longstanding discovery dispute and related issues. Plaintiff had since December 2024, when this discovery dispute first manifested, to bring a motion to compel. The court substantively amended the scheduling order once before to extend the class certification written discovery cut-off by approximately eleven months, from April 18, 2025, to March 2, 2026. (ECF No. 40, 56.) The class certification motion filing deadline was similarly extended from June 6, 2025, to April 27, 2026. (ECF No. 56.)

Moreover, Plaintiff had sufficient warning that the court did not intend to extend deadlines indefinitely. Again, all versions of the scheduling order warned that "[c]ompliance with the discovery deadlines requires motions to compel be filed and heard sufficiently in advance of the respective discovery cutoff dates so that the court may grant effective relief within the allotted discovery time." (ECF No. 56 at 2.) Those same orders also warned that "[a] party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (ECF No. 56 at 2.) Separately, "[t]he Court also informed the parties that it would not permit endless discovery and intended to set a reasonable discovery schedule." (ECF No. 52; ECF No. 56 ("The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation . . . The failure to comply with this order may result in the imposition of sanctions.").) Plaintiff did not file her motion to compel until over two months after expiration of the continued written discovery cut-off. (*Compare* ECF No. 56, *and* ECF No. 73, *with* ECF No. 74.)

13

This case was removed to federal court some thirty months ago. The court finds that further extensions of the class certification discovery and briefing deadlines contradict Rule 23(c)(1)(A)'s directive that the court determine whether to certify the matter as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A).

IV.   CONCLUSION AND ORDER

The court, having considered parties' moving papers and oral argument and the record in this case, ORDERS that:

1.  Plaintiff Amanda Baldino-Miller's motion to continue the March 2, 2026, written discovery cutoff in the court's second amended scheduling order (ECF No. 56) is DENIED;

2.  The court will GRANT-IN-PART the requested extension for time to file a motion to certify her class action, but on a timeline different than is proposed in Plaintiff's moving papers;

3.  The court SETS the following amended dates for class certification:

| | | |
|---|---|---|
| A. | Class Certification Written Discovery Cutoff: | *Concluded* |
| B. | Class Certification Motion Filing Deadline: | June 26, 2026 |
| C. | Class Certification Opposition Deadline: | July 31, 2026 |
| D. | Class Certification Reply Deadline: | September 11, 2026 |
| E. | Class Certification Motion Hearing: | September 25, 2026 Courtroom 8 (FJS) 9:00 AM |

4.  Discovery on Plaintiff's individual claims shall be held in abeyance from June 26, 2026, through September 11, 2026, during class certification briefing; and

14

5. Plaintiff's April 6, 2026, motion to compel further responses to discovery (ECF No. 74) will be construed as a motion to reopen discovery and to compel. The court will address that motion once it is briefed. The parties should proceed with their preparations to brief the motion for class certification on the schedule set forth above.

IT IS SO ORDERED.

Dated:   **May 14, 2026**                    _____
                                             UNITED STATES MAGISTRATE JUDGE