UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA BALDINO-MILLER, on behalf of herself and all similarly aggrieved employees,

Plaintiffs,

v.

COURTYARD MANAGEMENT CORPORATION; MARRIOTT INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 1:23-cv-01613-KES-FJS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND REOPEN DISCOVERY

(ECF No. 74)

Plaintiff Amanda Baldino-Miller's ("Plaintiff") operative complaint brings several employment-related claims against Defendants, including several counts alleged as a class. (ECF No. 59.) On May 6, 2026, Plaintiff moved to reopen discovery and compel discovery responses.[1] (ECF No. 74.) Plaintiff seeks to compel Defendants Courtyard Management Corporation and

_____

[1] As noted in the court's order on Plaintiff's ex parte motion to shorten time and to continue discovery and case deadlines or for a case management conference and a stay of current deadlines (ECF No. 76), the court construes Plaintiff's motion to compel (ECF No. 74) as a motion to reopen discovery and then to compel further responses. This re-characterized motion was briefed in regular order.

Marriott International, Inc. (jointly, "Defendants") to respond to Plaintiff's request for production and special interrogatories after the expiration of the class certification discovery cutoff on March 2, 2026. The court, having considered the parties' moving papers and the record in this case, denies Plaintiff's motion.

## I.   RELEVANT BACKGROUND

The history of this discovery dispute is extensive and was detailed in this court's May 14, 2026, order (ECF No. 76). The operative scheduling order called for written discovery on class certification to end on March 2, 2026. (ECF No. 56.) On February 13, 2026, Plaintiff filed an ex parte motion to shorten time for her motion to continue discovery and case deadlines or for a case management conference and a stay of current deadlines. (ECF No. 62.)[2]

On April 14, 2026, the court temporarily stayed the class certification briefing deadlines but did not stay discovery deadlines. (ECF No. 73.) In that same order, the court identified questions for the parties to address at the May 8, 2026, hearing on Plaintiff's February 13 motion to continue discovery.

On May 6, 2026, Plaintiff filed the instant motion to compel. (ECF No. 74.)[3]

At the May 8, 2026, hearing on Plaintiff's motion to continue discovery, the court acknowledged the filing of Plaintiff's instant motion to compel and directed Defendant to respond to the instant motion as both a motion to re-open discovery and a motion to compel. On May 14, 2026, the court granted in part Plaintiff's motion to continue discovery and case deadlines, extending the class certification motion filing deadline to June 26, 2026. (ECF No. 76.)

## II.   LEGAL STANDARDS

Two rules inform the court's decision on Plaintiff's instant motion: Rule 16 and Rule 23. Deadlines for completing discovery and filing motions are mandatory elements of a scheduling order under Rule 16(b)(3)(A). The scheduling order "control[s] the subsequent course of the

---

[2] On February 19, 2026, the court denied Plaintiff's ex parte motion to shorten time. (ECF No. 67.)

[3] Plaintiff's counsel attested that Plaintiff's motion to compel would be filed in the week following her February 13 motion. (ECF No. 62 at 8; ECF No. 62-1 ¶ 31.)

action" unless modified by the court. Fed. R. Civ. P. 16(e). Rule 23 governs class actions and the requirements for class certification.

### III.    DISCUSSION

Because Plaintiff filed the instant motion to compel some eight weeks after the close of discovery, the court first addresses whether discovery should be reopened. The court then addresses whether Plaintiff's instant motion would have been timely had it been filed before the written discovery cut-off.

### A.  Reopening Discovery

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. Co. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation modified). There is a difference between a party seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." *Id.* When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). Reopening discovery requires the party to show good cause, with diligence as the primary consideration. *Bailey v. Enloe Med. Ctr.*, No. 18-cv-0055, 2025 WL 2581799, at *3 (E.D. Cal. Aug. 15, 2025); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (court primarily considered good cause standard and diligence for reopening of discovery).

Plaintiff argues that she has been diligent in conducting discovery, pointing out that she (1) served the discovery in question sixteen months before the cutoff, (2) engaged in meet and

confers (letters in July, October, November, and December 2025), and (3) filed an amended complaint in November 2025 to narrow the class from thousands to 300 to 800 exempt employees, all while managing a serious illness and related treatment. (ECF No. 79 at 7-9.) She also notes that no trial date is set, the motion is opposed but Defendants assertedly have not shown undue burden in responding to the requests, and the discovery was foreseeable and will produce relevant evidence since class-wide pay and contact information is allegedly normal in a class action. She also argues that the sampling from five locations shows that Marriot issues "uniform policies and directives across all sampled properties" and the "likelihood that statewide production will confirm a uniform policy across all properties is high." (ECF No. 79 at 9-10.)

In contrast, Defendants note that (1) the class certification deadline is imminent, (2) the motion is "vigorously opposed," (3) Defendants would be prejudiced by being required to respond to overbroad discovery months after the discovery cutoff and allegedly would require a significant amount of time to go through a proper *Belaire-West* notice process and several months to conduct time/pay records sampling, (4) Plaintiff was not diligent and waited over eleven months to file this motion, (5) the discovery impasse crystalized in June 2025, and (6) the discovery purportedly would not lead to relevant evidence (or that Plaintiff's delays outweigh any relevance). (ECF No. 77 at 15-16.)

For the reasons discussed below, the court finds the factors tips against reopening discovery.

First, the duration of this discovery dispute and the opportunities for timely resolution that Plaintiff forwent weigh against finding good cause or excusable neglect here. The discovery in question was served on Defendants in October 2024. (ECF No. 74-1 ¶ 4-5.) The court advised Plaintiff at the June 2025 conference that Defendants' refusal to engage in further discovery responses may necessitate her filing a motion to compel. (ECF No. 62-1 ¶ 13; ECF 77-1 ¶ 12.) Defendants repeatedly and consistently refused to produce additional responses to Plaintiff's November 2024 requests for production and special interrogatories. (ECF No. 77-1 ¶ 13-15 (Exs. 4 – 6).) Each scheduling order warns that "[c]ompliance with the discovery deadlines requires motions to compel be filed and heard sufficiently in advance of the respective discovery cutoff

4

dates" and that "[a] party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (ECF Nos. 28 at 2; 40 at 2; 56 at 2.) Plaintiff's counsel even failed to abide her own voluntary deadline to bring this motion to compel in the week following February 13, 2026. (ECF No. 62 at 8; ECF No. 62-1 ¶ 32.) Instead, Plaintiff filed the motion over two months later. (ECF No. 76.)

Second, although trial may not be imminent in this matter, the class certification motion deadline is June 26, 2026. By the time this motion to compel was filed on May 6, 2026, it was infeasible for this motion to be briefed, for the court to decide the motion, and (if granted) for Defendants to produce documents and respond to interrogatories before that June 26, 2026, deadline. Moreover, two facts underscore the unreasonableness of waiting until May 6 to file the instant motion: (1) this matter was removed to federal court in 2023 and (2) the previous amendment to the scheduling order extended the written discovery cut-off by nearly a year. As Plaintiff was previously warned, the court cannot extend deadlines indefinitely. (ECF No. 52.)

Third, granting Plaintiff's motion to compel improperly subordinates Rule 23 of the Federal Rules of Civil Procedure and prejudices both Defendants and putative class members. Rule 23(c)(1) requires that the class be certified "[a]t an early practicable time after a person sues or is sued as a class representative." Plaintiff was given time to pursue this discovery and confront and challenge Defendant's alleged obduracy. Plaintiff did not do so.[4] The purpose of Rule 23(c)(1) is to "give a clear definition to the parameters of the putative class, to outline the claims

---

[4] The court remains mindful of Plaintiff's cancer treatment. (ECF No. 76 at 10.) The question here is the propriety of waiting from sometime before October 2025 (ECF No. 62-1 ¶ 29) until May of 2026 to file a motion to compel in a case where written discovery ended in early March of 2026 (ECF No. 56) and the discovery impasse that the motion to compel seeks to address was manifest well before June of 2025 (ECF Nos. 32, 33). While a medical exigency may justify—indeed, often justifies—adjustments of litigation calendars, those accommodations are not automatic. Here, the discovery impasse solidified several months before the medical exigency escalated and written discovery ended several months after those health issues relating to cancer treatment arose, yet Plaintiff waited until two months *after* the written discovery cut-off to file this motion. Moreover, this putative class action was removed to federal court in November 2023, yet no motion for class certification has been filed and reopening discovery would necessitate a further delay in briefing certification. In these specific circumstances, Plaintiff's cancer treatment does not justify reopening discovery.

involved in the class action and to apprise the defendants of their potential liability as soon as practicable." *Winebarger v. Penn. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1083 (C.D. Cal. 2019). It also protects the putative class members by "preservation and protection of the putative class members' claims." *Id*. Hence, a further delay of resolving class certification here would prejudice both the putative class members and Defendants.[5]

For these reasons, the court denies Plaintiff's request to reopen discovery and, by extension, Plaintiff's motion.

### B. Timeliness of Motion

Even if Plaintiffs' motion did not require reopening discovery, there remains a question of whether the motion would have been timely.

"A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers." *Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018). "Although neither the Federal Rules nor the Local Rules sets a deadline to file motions to compel," "[p]arties may not unduly delay in filing motions to compel no matter their merit." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018). Even in the absence of bad faith or negligence, a failure to timely move to compel can carry consequences limiting everyone's options, including the court's. *Id*. "[W]hen parties delay discovery for any reason, they do so at their peril." *Wyles v. Sussman*, 445 F. Supp. 3d 751, 756 (C.D. Cal. 2020).

Here, each of the court's scheduling orders warns the parties that "[c]ompliance with the discovery deadlines requires motions to compel be filed and heard sufficiently in advance of the

---

[5] It is true that the Ninth Circuit held that "[t]he propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses" and that "[t]o deny discovery in a case of that nature would be an abuse of discretion." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977), cited in (ECF No. 79 at 5). Here, however, Plaintiff was afforded an opportunity to pursue discovery (ECF Nos. 28, 40, 56), she was aware of the discovery impasse for several months before the discovery cut-off (ECF Nos. 32, 33, 54), the court specifically advised her to file a motion to compel if the parties could not agree several months before the discovery cut-off (ECF No. 62-1 ¶ 13), and Plaintiff still waited until two months after the close of written discovery to file the instant motion to compel. *Doninger* does not provide safe harbor for Plaintiff's delay.

6

respective discovery cutoff dates" and that "[a] party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (ECF Nos. 28 at 2; 40 at 2; 56 at 2.) The court advised Plaintiff at the June 2025 conference that Defendants' refusal to engage in further discovery responses may necessitate her filing a motion to compel, but Plaintiff did not heed the court's warning until May of 2026. (*See* ECF No. 62-1 ¶ 13; ECF 77-1 ¶ 12.)

Plaintiff argues that her motion was timely because the court "entered a stay of all deadlines on April 14, 2026." (ECF No. 79 at 1.) Not so. The court stayed only the deadlines for briefing class certification. (ECF No. 73.) And even if Plaintiff had filed her motion to compel on the same date she filed her February 13, 2026, motion, it is unclear that the court could have provided meaningful relief in advance of the March 2, 2026, written discovery cut-off.

Thus, in addition to unjustifiably seeking to reopen a closed discovery period, Plaintiff's motion is unworkable because the delay in pursuing resolution of the long-standing discovery dispute—despite several warnings and opportunities to pursue resolution—jeopardizes the balance of the schedule and exacerbates the delay in addressing motions on class certification. Timeliness alone, therefore, provides an independent basis for denying Plaintiff's motion.

IV.    CONCLUSION AND ORDER

The court, having considered parties' moving papers and the record in this case, ORDERS that:

1. Plaintiff Amanda Baldino-Miller's motion to re-open discovery (ECF No. 74) is DENIED; and

2. Plaintiff Amanda Baldino-Miller's motion to compel (ECF No. 74) is DENIED.

IT IS SO ORDERED.

Dated:    **June 25, 2026**                          _____
                                                              UNITED STATES MAGISTRATE JUDGE

7