UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BALDINO-MILLER, on behalf of herself and all similarly aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>COURTYARD MANAGEMENT CORPORATION; MARRIOTT INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:23-cv-01613-KES-FJS<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR ORDER EXTENDING TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>(ECF No. 98) |

On July 1, 2026, Defendants Courtyard Management Corporation and Marriott International, Inc.'s (jointly, "Defendants") moved for an order extending their time to file an opposition to Plaintiff Amanda Baldino-Miller's ("Plaintiff") Rule 23 motion to certify. (ECF No. 98.) Plaintiff has not yet had an opportunity to file a response, but the court finds a response is unnecessary. The motion is deemed submitted without a hearing pursuant to Local Rules 230(b) and 230(g).

In support of their application, Defendants argue that there is good cause to extend their opposition deadline by twenty-eight days because of the complexity of Plaintiff's motion to

certify, which "seeks certification of two putative classes and multiple subclasses spanning a multi-year period across approximately 134 California hotel properties." (ECF No. 98 at 2.) Defendants also argue that the breadth of the motion is considerable with two declarations and numerous exhibits. (ECF No. 98 at 4.)

The court finds that Defendants do not establish good cause and denies this instant application.

At the May 8, 2026, hearing on Plaintiff's motion to continue discovery and case deadlines, the court confirmed the parties' availability for scheduling the briefing of Plaintiff's motion for class certification. That schedule called for Plaintiff to file her motion on June 26, 2026, and for Defendants to file their response by July 31, 2026. (ECF No. 76 at 14.)

On June 26, Plaintiff submitted a 25-page brief (ECF No. 94), together with a 13-page declaration from Plaintiff's counsel (ECF No. 94-1) and a 10-page declaration from Plaintiff (ECF No. 94-2). The total number of pages in exhibits supporting Plaintiff's motion is 277 pages plus an additional 146 pages lodged with a request to be filed under seal (ECF Nos. 94-3, 94-4, 95). These exhibits are employment policies, records, and related documents and communications that were in Defendants' custody and control, including discovery responses and the transcript of defense counsel's deposition of Plaintiff. The court does not consider this to be "voluminous documentary evidence," (ECF No. 98 at 4), or to have been an unexpected deviation in scale from what was foreseeable at the May 8, 2026, hearing when the schedule for briefing Plaintiff's motion for class certification was confirmed.

Nor does the court find that Plaintiff's allegedly "sweeping" motion justifies further delay in briefing class certification. Plaintiff's first amended complaint included three subclasses (misclassified AGM subclass, misclassified exempt subclass during the Covid period, and waiting time penalty subclass) that should have alerted Defendants as to the AGM Class and Covid Classes Plaintiff now seeks to certify. (*Compare* ECF No. 59 at 9-10, *with* ECF No. 94 at 1.) Moreover, Plaintiff's first amended complaint separately alleges class counts for failure to provide meal periods, failure to provide rest periods, failure to pay hourly and overtime wages, failure to comply with itemized employee wage statement requirements, and failure to pay wages

2

upon termination. (ECF No. 59 at 25-31). These allegations broadly align with the subclasses Plaintiff seeks in her motion. (ECF No. 94 at 2-3).[1] Defendants' efforts to "consult with client representatives at numerous property locations throughout the state," analyze the evidence—largely sourced from Defendants—submitted in support of the motion, and "develop a comprehensive response addressing each of Plaintiff's arguments for certification," (ECF No. 98 at 5) are efforts that should have begun before Plaintiff filed her motion.

In the absence of a superseding court-ordered schedule, Local Rule 230(b) affords fourteen days for Defendants to respond to Plaintiff's certification motion. The court already provided more than thirty days for Defendants' response. (ECF No. 76 at 14.) The court does not find good cause in Defendants' instant motion to extend briefing by yet another twenty-eight days.

This case was removed to federal court nearly three years ago. (ECF No. 1). Rule 23(c)(1)(A) of the Federal Rule of Civil Procedure requires the court to "determine by order whether to certify the action as a class action" "[a]t an early practicable time after a person sues or is sued as a class representative." The court cannot determine certification until briefing is concluded, and Defendants do not persuade the court that Plaintiff's motion was beyond what could have reasonably been anticipated when Defendants agreed to the current briefing schedule a few weeks ago.

---

[1] There is somewhat of a mismatch between the amended complaint's fifteenth cause of action (ECF No. 59 at 31-32) and Plaintiff's request to certify of a "termination subclass," (ECF No. 94 at 3.) But Defendants neither highlight this discrepancy nor explain how this mismatch necessitates additional time, witnesses, or evidence.

CONCLUSION AND ORDER

The court, having considered Defendants' ex parte application, ORDERS that:

1.    Defendants' ex parte application for an order extending their time to file an opposition (ECF No. 98) is DENIED;

2.    Defendants' response to Plaintiff's class certification motion remains due on July 31, 2026.

IT IS SO ORDERED.

Dated:   **July 2, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4