UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BALDINO-MILLER, on behalf of herself and all similarly aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>COURTYARD MANAGEMENT CORPORATION; MARRIOTT INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:23-cv-01613-KES-FJS<br><br>ORDER AFTER MOTIONS HEARING (ECF Nos. 82, 83, 103, 108)<br><br>GRANTING MOTION FOR ADMINISTRATIVE RELIEF (ECF No. 103)<br><br>SETTING DEADLINE FOR AMENDING DECLARATION OF PLAINTIFF AMANDA BALDINO-MILLER (ECF No. 94-1)<br><br>ORDERING JOINT STATUS REPORT<br><br>SETTING FURTHER HEARING ON DISCOVERY MOTIONS AND MOTION TO EXCEED PAGE LIMIT (ECF Nos. 82, 83, 108) |

On June 10, 2026, Plaintiff Amanda Baldino-Miller ("Plaintiff") filed a motion to compel Rule 30(b)(6) depositions. (ECF No. 82.) On June 11, 2026, Defendants noticed a motion for protective order regarding the same depositions. (ECF No. 83.) After Plaintiff filed for class

certification, Plaintiff filed motions for administrative relief to file omitted exhibits in support of her motion for class certification (ECF No. 103) and to exceed the page limit for her reply brief to the motion for class certification (ECF No. 108). On August 26, 2026, the court held a hearing regarding the above motions.

After considering the parties' briefs and arguments regarding the above motions (ECF Nos. 82, 83, 103, 108), and after evaluating the adequacy of the parties' earlier meet-and-confer efforts, the court ORDERS the following:

1. Plaintiff's motion for administrative relief to file omitted exhibits (ECF No. 103) is GRANTED. Plaintiff shall file an amendment to the June 26, 2026, declaration of Amanda Baldino-Miller (ECF No. 94-1) that includes the omitted nineteen exhibits by September 4, 2026.
2. The court VACATES the class certification reply deadline set for September 11, 2026, and the class certification motion hearing set for September 25, 2026.
3. As discussed at the August 26 hearing, the parties are to meet and confer regarding:
    a. Either withdrawing Plaintiff's Rule 30(b)(6) notice or narrowing the topics in Plaintiff's Rule 30(b)(6) depositions. Rule 30(b)(6) topics should be directly tethered to the arguments asserted and/or evidence presented in Defendants' opposition to the motion for class certification;
    b. Plaintiff's request to add ten pages to her class certification reply; and
    c. Rescheduling Plaintiff's class certification reply deadline.
4. The parties are to submit a joint status report on <u>September 4, 2026</u>, addressing:
    a. Whether the parties have resolved their Rule 30(b)(6) deposition issues, including (i) the disputed topics, (ii) the parties' respective positions on those disputed topics, and (iii) how the parties attempted to resolve those issues;
    b. Whether the parties have resolved Plaintiff's request to add ten pages to her reply brief; and
    c. The parties' proposed class certification reply deadline.
5. Defendants are to provide a proposal to the court in the joint status report regarding

whether they would like to supplement their opposition to Plaintiff's motion for class certification or whether they would like a sur-reply and any proposed dates.

6. At the August 26 hearing, Defendants expressed concern that Plaintiff's reply brief might exceed the scope of Defendants' opposition. The court responded that if Plaintiff exceeded the scope of a reply brief, Defendants could seek relief through either a motion to strike or a motion for supplemental briefing. On further review of the scheduling order, the court already addressed Defendants' concern, ruling that "[i]f new issues are raised in Plaintiff's reply, Defendants may request an opportunity to respond." (ECF No. 56 at 2.) Defendants should follow the guidance in the scheduling order.

7. The court SETS a mandatory hearing for September 14, 2026, at 8:30 AM in Courtroom 8 (FJS) before U.S. Magistrate Judge Frank J. Singer on any remaining disputes concerning the motions addressed in this order. Any attorney designated as "Lead Attorney" on the court's docket as of the filing of this order shall appear at the conference in person. This in-person hearing may be vacated after the court reviews the parties' September 4 joint status report.

IT IS SO ORDERED.

Dated: **August 28, 2026**

UNITED STATES MAGISTRATE JUDGE